# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MARCIANITA ABUDA,

    Plaintiff,

v.

CAL-WESTERN RECONVEYANCE CORPORATION, *et al*.,

    Defendants.

Case No. 2:11-CV-01823-KJD-GWF

**ORDER**

    Before the Court is the Motion for Attorney's Fees (#60) of Counter Claimant Wells Fargo Bank, N.A. Plaintiff has filed an opposition and objection to Wells Fargo's bill of costs (##63, 64). Wells Fargo has filed a reply and response (##65, 66).

I. Background

    On June 18, 2012, this Court issued an Order (#56) granting Wells Fargo's Motion for Summary Judgment. In that Order, the Court recounted the facts of this mortgage foreclosure case, including that Plaintiff recorded an Affidavit of Fact asserting that "[t]he monetary claims of approximately $173,000 (existing first mortgage loan) plus any and all accrued interests, are hereby

deemed invalid, null, void and with no legal or lawful standing . . . ." The Affidavit of Fact recorded by Plaintiff further states that "the lender is placed on official notice that failing to respond in twenty (20) calendar days from the date herein shall result in the lender's and its assigns, default and, thus, shall be considered its acquiescence to the full Reconveyance of the subject property to Abuda." Additionally, the Abuda Affidavit purported to replace Cal-Western as Trustee with Sonia Rodis, a stranger to Wells Fargo. On June 22, 2011, another party, Alex Soria, recorded a Deed of Full Reconveyance, in which Soria, as "trustee," purported to fully reconvey, free of all encumbrances, legal title to the Property to Abuda.

II. Discussion

Fed. R. Civ. P. 54(d) requires an award of costs to a prevailing party and permits an award of attorney's fees to a prevailing party if provided for elsewhere by statute, rule, or contract. The award of attorney's fees is within the Court's discretion. Glenbrook Homeowner's Association Assn. v. Glenbrook Co., 111 Nev. 909, 922 (1995), citing County of Clark v. Blanchard Const. Co., 98 Nev. 488, 492 (1982)). Plaintiff does not dispute the Court's authority to impose fees in this case. Instead, Plaintiff argues that the fees and costs are unreasonable since "this case was resolved shortly after the inception of the case" and argues that, if the Court is inclined to award fees, it should reduce the amount "given the fact that this matter was resolved with a Motion for Summary Judgment prior to the commencement of any discovery."

1. Fees

Many mortgage contracts contain a provision purporting to bind the borrower to pay attorney's fees in the event of a default. Generally, it has not been the practice of this Court, or other courts in this district, to award attorney's fees in mortgage foreclosure cases. However Plaintiff's behavior in this case warrants a departure from the normal practice. Specifically, Plaintiff baselessly caused false and misleading documents to be recorded which purported to reconvey the property to her. Plaintiff's actions caused Wells Fargo to incur additional expense in the resolution of this matter. However, considering the context of this case, the Court declines to award the entire amount

1 requested by Wells Fargo.  Accordingly, the Court finds that an award of attorney's fees in the
2 amount of $5,000 is appropriate.

        2.  Costs

Plaintiff object to Wells Fargo's bill of costs because it includes fees for computerized research.  Nevada law specifically permits recovery as costs of "necessary expenses for computerized services for legal research."  N.R.S. § 18.020.  Accordingly, Plaintiff's objection is denied and Wells Fargo is awarded costs of $6,804.37.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Counter Claimant Wells Fargo's Motion for Attorney's Fees (#60) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff Marcianita Abuda is ordered to pay Counter Claimant Wells Fargo attorney's fees in the amount of $5,000.

**IT IS FURTHER ORDERED THAT** Plaintiff Marcianita Abuda is ordered to pay Counter Claimant Wells Fargo costs in the amount of $6,804.37.

DATED this 4th day of September 2012.

_____
Kent J. Dawson
United States District Judge